UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WADE WHETSEL,

                Plaintiff,

                              MEMORANDUM & ORDER
    -against-                    19-CV-2687(JS)(AYS)

DETECTIVE RONALD J. MONTAS,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:       Wade Whetsel, pro se
                      71574-053
                      U.S. Penitentiary Canaan
                      P.O. Box 300
                      Waymart, Pennsylvania 18472

                      Metropolitan Detention Center
                      P.O. Box 329002
                      Brooklyn, New York 11232[1]

For Defendant:      No appearance.

SEYBERT, District Judge:

        On April 30, 2019, incarcerated pro se plaintiff Wade Whetsel ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Kings County Detective Ronald J. Montas ("Defendant"), accompanied by an application to

---

[1] The Court notes that although Plaintiff's address of record is at the Canaan Penitentiary in Pennsylvania, mail received by the Court on May 15, 2019 reflects that Plaintiff mailed it from the Metropolitan Detention Center ("MDC") in Brooklyn, New York and lists MDC as Plaintiff's current facility. (See PLRA, D.E. 8.) In an abundance of caution, this Memorandum and Order will be sent to Plaintiff at both addresses. Plaintiff is advised that he must keep his address current and, if he fails to do so, the Complaint may be dismissed.

proceed <u>in</u> <u>forma</u> <u>pauperis</u> and a motion for the appointment of <u>pro</u> <u>bono</u> counsel to represent him in this case.

However, Plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA") at the time the Complaint was filed. Accordingly, by Notice of Deficiency dated May 7, 2019, Plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days in order for his case to proceed. On May 15, 2019, Plaintiff timely filed the PLRA.

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of the declaration in support of the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (IFP Mot., Docket Entry 2), is GRANTED and the Court ORDERS service of the Summons and Complaint upon Defendant by the United States Marshal Service.

II. <u>Application for Appointment of Pro Bono Counsel</u>

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In

deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

Notwithstanding the requirement that pleadings drafted by a pro se litigant, are to be construed liberally and interpreted to raise the strongest arguments they suggest, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court, upon careful review of the facts presented herein and in light of the factors required by law as discussed above, finds that the appointment of counsel is not warranted at this time. Even assuming that Hodge's

3

threshold requirement is satisfied, the record reflects that the legal issues presented by his claims are not unduly complex and that Plaintiff can adequately prosecute his claims himself pro se. Based on this review, Plaintiff's motion for appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when the action is ready for trial, if warranted at that time. It is Plaintiff's responsibility to retain an attorney or continue to pursue this lawsuit pro se. See 28 U.S.C. § 1654.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summons and Complaint upon Defendant by the United States Marshal Service. The application for the appointment of pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW when this case is trial ready, if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal should Defendant seek leave to appeal in forma pauperis. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of

4

this Memorandum and Order to the pro se Plaintiff at the Penitentiary Canaan and the MDC.

**SO ORDERED.**

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: July __1__, 2019
       Central Islip, New York


cc:  Wade Whetsel
     71574-053
     Metropolitan Detention Center
     PO Box 329002
     Brooklyn, New York 11232