UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
WADE WHETSEL,

                Plaintiff,

                                      MEMORANDUM AND ORDER

      -against-                 19-CV-2687(JS)(AYS)

RONALD J. MONTAS, THE CITY OF
NEW YORK, ERIC GONZALES, and BRIAN
SWINEY,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:      Wade Whetsel, pro se
                   19-R-1282
                   Greene Correctional Facility
                   P.O. Box 975
                   Coxsackie, New York 12051

For Defendants     Andrew B. Spears, Esq.
other than Brian   New York City Law Department
Swiney:           Special Federal Litigation Division
                   100 Church Street
                   New York, New York 10007

For Brian Swiney:  No appearances.

SEYBERT, District Judge:

        Before the Court is the timely response from incarcerated pro se plaintiff Wade Whetsel ("Plaintiff") to the Court's Order to Show Cause (Order to Show Cause ("OTSC"), ECF No. 30). (Pl. Resp., ECF No. 32.) Because Plaintiff's claims against Brian Swiney ("Swiney"), which are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), appear to be outside the applicable statute of limitations, Plaintiff was ordered to show cause why

1

his claims against Swiney arising from the events alleged to have occurred during July 2016 as alleged in the Amended Complaint are not barred by the applicable statute of limitations. (See OTSC at 4.)

Upon review of Plaintiff's response to the Order to Show Cause, for the reasons set forth below, the Court finds that Plaintiff's Section 1983 claims against Swiney are barred by the statute of limitations. Further, even if timely asserted, Plaintiff has not alleged a plausible Section 1983 claim against Swiney. Accordingly, Plaintiff's Section 1983 claims against Swiney are DISMISSED pursuant to the in forma pauperis statute and the Prisoner Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A.

BACKGROUND

On February 28, 2020, Plaintiff filed an Amended Complaint that, for the first time, named Swiney as a defendant. (Am. Compl., ECF No. 17.) However, because Plaintiff did not include any contact information for Swiney, the Clerk of Court could not issue a Summons to Swiney in anticipation of service by the United States Marshal Service ("USMS"). Accordingly, by Electronic Order dated October 19, 2020,[1] the Court granted

---

[1] Notably, the delay in processing Plaintiff's Summonses for service resulted from the national emergency caused by the COVID-19 pandemic. Pursuant to Administrative Orders 2020-19-1, 2020-19, and 2020-12, USMS service was suspended during this time

Plaintiff thirty days to either provide a service address for Swiney or indicate in writing whether he required assistance in obtaining such information. (See Oct. 19, 2020 Elec. Order.)  By letter dated November 1, 2020 and received by the Court on November 17, 2020, Plaintiff requested assistance. (Nov. 17, 2020 Ltr., ECF No. 22.)

Upon review of the Amended Complaint in accordance with in forma pauperis statute and the Prisoner Litigation Reform Act, 28 U.S.C. §§ 1915, 1915A, it appeared that Plaintiff's Section claims against Swiney arose from conduct alleged to have occurred in July 2016 and thus are outside the applicable statute of limitations.   (See generally Am. Compl., ECF No. 17.) Accordingly, the Court ordered Plaintiff to show cause why such claims are not barred by the statute of limitations. (See OTSC at 4.)

On March 15, 2021, Plaintiff timely responded to the Order to Show Cause. (See Pl. Resp.)  Plaintiff acknowledges that he added Swiney as a defendant on February 28, 2020 upon filing the Amended Complaint. (Id. ¶ 1.)  Plaintiff asks that the Court "consider [his] pro se status" and explains that he "was unsure as to whether he was required to name Mr. Swiney as an individual

_____

period.

3

defendant." (Id. ¶ 6.) According to Plaintiff, while Swiney's "allegations [against Plaintiff] originally prompted the prosecution brought against Plaintiff," he "now believes that naming the City of New York as a Defendant was adequate." (Id.) Plaintiff also asks that "the court relate his amended complaint back to the original complaint" because "the amendment contains no new information and is closely related to the substance of the original complaint." (Id. ¶ 7.) Further, Plaintiff requests that the Court provide "assistance in providing contact information for defendant Swiney should the court see fit." (Id. ¶ 8.)

Plaintiff included exhibits in his response that provide further background on his efforts to initiate this action. (See id. at 3-11.) Plaintiff explains that he was in federal custody at the time that the state case that forms the basis for the present action was dismissed on January 27, 2017. (Id. at 3.) While in custody during the period from January 27, 2017 through June 9, 2019, Plaintiff claims that he was transferred between United States Penitentiary Canaan and Riker's Island Correctional Facility and "was boxed for 4 months with no ability to have any property which included my complaint." (Id. at 4.) Plaintiff asserts that after he was transferred to Greene Correctional Facility in May 2019 he has "been able to correspond better with the Courts." (Id.) Plaintiff also avers that his father's death

4

on December 11, 2019 "took a toll" on him, that his mother died on
November 6, 2020, and that his son was also shot.   (Id.)[2]
According to Plaintiff, the national emergency caused by the COVID-
19 pandemic "affect[ed] my facility" and "there was no library
access." (Id.)  Finally, Plaintiff states that he is "not certain
if this court actually needs Brian Swiney." (Id.)

DISCUSSION

As the Court set forth in the Order to Show Cause, "Under
New York law, § 1983 claims are governed by a three-year statute
of limitations." (See OTSC at 2 (quoting Wheeler v. Slanovec, 16-
CV-9065, 2019 WL 2994193, at *5 (S.D.N.Y. July 9, 2019) (citing
Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004))).)
Here, Plaintiff's Section 1983 claims against Swiney arise from
conduct alleged to have occurred on July 27, 2016.  (See Am. Compl.
at 1.)  More specifically, Plaintiff alleges that he was arrested
on that date following a complaint by Swiney to law enforcement.
(Id. at 2.)  Plaintiff claims that Swiney falsely reported to
police that Plaintiff had robbed him and, as a result of that
report, Plaintiff was also charged with violation of supervised
release and was taken into federal custody.  (Id. at 2-3.)

---

[2] The Court notes that Plaintiff has included copies of his
parents' death certificates as exhibits.  Because they contain the
decedents' social security numbers, the Clerk of the Court shall
restrict access to these documents.

Plaintiff's Amended Complaint, filed on February 28, 2020, first named Swiney as a defendant. (See id.) However, Plaintiff's original Complaint, filed on April 30, 2019, identified Swiney in the "Statement of the Case" section and included allegations about his allegedly false report to police. (See Compl., ECF No. 1 at 5, ¶ 19.)

As is readily apparent, Plaintiff's Section 1983 claims against Swiney are outside the three-year statute of limitations. Plaintiff first named Swiney as a defendant in the Amended Complaint filed on February 28, 2020, almost eight months after the statutory period had run. (Compare Am. Compl., with Compl.) Nevertheless, a statute of limitations may be extended, or "tolled," under the doctrine of equitable tolling. The equitable tolling doctrine generally applies "[1] where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period; [2] where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant; or [3] where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." Zerilli-Edelglass v. N.Y. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal citations omitted). However, the doctrine should be invoked "only in 'rare and exceptional circumstances' where . . . 'extraordinary circumstances' prevented a party from timely

6

performing a required act, and . . . the party acted with reasonable diligence throughout the period he sought to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and alterations omitted).  Further, to determine whether equitable tolling applies, a court must consider whether the person seeking application of the doctrine has (1) "acted with reasonable diligence during the time period [he] seeks to have tolled," and (2) "proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass, 333 F.3d at 80-81 (citations and internal quotation marks omitted). Plaintiff bears the burden to establish that equitable tolling is warranted.  Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) ("The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." (citation omitted)).

Upon careful review and consideration of Plaintiff's response to the Court's OTSC, it is clear that Plaintiff has not alleged a basis to equitably toll the statute of limitations. While the Court is sympathetic to the circumstances Plaintiff describes, including the loss of his parents and the difficulties presented at the facility as a result of the protocols implemented during the COVID-19 pandemic, none of those circumstances have any relevance as to why he did not include Swiney as a defendant before the statutory period expired.  Indeed, the events Plaintiff

7

recounts in support of his request for equitable tolling all occurred well after the statutory period expired in July 2019. Moreover, Plaintiff knew of Swiney -- and described his role in the alleged events -- as of at least April 30, 2019 when the original Complaint was filed.  Thus, there is no basis to equitably toll the statute of limitations.

Nor does the "relation back" doctrine save Plaintiff's claims against Swiney.  Under Federal Rule of Civil Procedure ("Rule") 15(c)(1)(C), an amended complaint is untimely unless Plaintiff establishes that it "relates back" to an earlier pleading filed before the statute of limitations expired.  See FED. R. CIV. P. 15(c); Liverpool v. Davis, 442 F. Supp. 3d 714, 724 (S.D.N.Y. 2020) (citing S.A.R.L. Galerie Enrico Navarra v. Marlborough Gallery, Inc., No. 10-CV-7547, 2013 WL 1234937, at *3 (S.D.N.Y. Mar. 26, 2013) (stating that it is the plaintiff's burden to establish that an amended claim relates back to the date of the original complaint)).

Rule 15(c)(1)(C) "applies only where an amendment changes the party or the naming of the party against whom a claim is asserted -- not where, as here, Plaintiff seeks to add new parties." Jhagroo v. Brown, No. 16-CV-03426, 2020 WL 3472424, at *2 (S.D.N.Y. June 25, 2020) (citation and quotation marks omitted); see also Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d

Cir. 1995) ("Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."), modified, 74 F.3d 1366, 1367 (2d Cir. 1996) (per curiam); Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013) ("This Circuit has interpreted [Rule 15(c)(1)(C)] to preclude relation back for amended complaints that add new defendants . . . ."); Briggs v. County of Monroe, 215 F. Supp. 3d 213, 217 (W.D.N.Y. 2016) (citations omitted) ("By its express language, the relation-back language of Rule 15(c)(1)(C) applies to an amendment that 'changes' a named party due to a mistake concerning the proper party's identity, not to a situation where an entirely new party is being added."); Pikos v. Liberty Maint.,Inc., No. 09-CV-4031, 2015 WL 6830670, at *3 (E.D.N.Y. Nov. 6, 2015) ("Courts in this Circuit have held relation back is only permitted where plaintiff named the wrong party in the original complaint, and not where plaintiff named one but not all of the right defendants." (collecting cases)).

Here, as is readily apparent, Plaintiff chose not to name Swiney as a defendant within the statutory period. Indeed, Plaintiff included Swiney in the body of the original Complaint

that named Detective J. Montas as the sole defendant.  (See Compl. ¶¶ 4, 20.)  Given that Plaintiff clearly was aware that Swiney was the alleged police informant as of at least April 30, 2019, Plaintiff's claims against him asserted in the Amended Complaint do not relate back and are thus untimely.[3]

Moreover, even if the Court were to find that Plaintiff's Section 1983 claims against Swiney were timely asserted, they fail for the additional reason that Swiney is not a state actor. Generally, a private party such as Swiney cannot be held liable for violating Section 1983.  See Filarsky v. Delia, 566 U.S. 377, 383 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law."); Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter

---

[3] Nor can Plaintiff's claim against Swiney survive under Federal Rule 15(c)(1)(A), which allows relation back where "the law that provides the applicable statute of limitations allows relation back."  FED. R. CIV. P. 15(c)(1)(A).  "Section 203 [of the New York Civil Practice Law and Rules, which governs relation back in the context of amended pleadings in New York] has been interpreted to embody essentially the same limitation as Federal Rule 15(c)(1)(C) . . . namely, requiring the plaintiff to show that the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well."  Neal v. Wilson, 239 F. Supp. 3d 755, 761 (S.D.N.Y. 2017) (internal quotation marks and citations omitted).

how discriminatory or wrongful." (citations and quotation marks
omitted)).  Here, the fact that Swiney filed a complaint with law
enforcement that led to Plaintiff's arrest or prosecution is
insufficient to establish state action.  See Alvarez v. Peters,
No. 19-CV-6789, 2020 WL 1808901, at *4 (E.D.N.Y. Apr. 9, 2020)
(citing Adebiyi v. City of New York, No. 13-CV-0480, 2014 WL
4922888, at *4 (E.D.N.Y. Sept. 30, 2014) ("Case law in this Circuit
is well-established that the provision of information to a police
officer -- even if that information is false or results in the
officer taking affirmative action -- is insufficient to constitute
'joint action' with state actors for purposes of § 1983.")); Bravo
v. Bexar County, No. 12-CV-4009, 2014 WL 1155302, at *6 (E.D.N.Y.
Mar. 21, 2014) (citing D'Agostino v. N.Y. State Liquor Auth., 913
F. Supp. 757, 770 (W.D.N.Y. 1996) ("It is uniformly recognized .
. . that a private party does not conspire or jointly act with a
state actor simply by complaining to the police.")); Vazquez v.
Combs, 04-CV-4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004)
("[M]erely filing a complaint with the police, reporting a crime,
requesting criminal investigation of a person, or seeking a
restraining order, even if the complaint or report is deliberately
false, does not give rise to a claim against the complainant for
a civil rights violation.")).

        Given that Plaintiff alleges only that Swiney falsely

accused Plaintiff of a crime that lead to Plaintiff's arrest and prosecution, his Section 1983 claim against Swiney is not plausible even if it had been timely filed.  Thus, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A.

CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Section 1983 claims against Swiney are barred by the applicable statute of limitations and, even if they were timely asserted, they fail to state a plausible claim for relief. Accordingly Plaintiff's Section 1983 claims against Swiney are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

The Clerk of the Court is directed to: (1) enter JUDGMENT in accordance with this Order, and (2) mail a copy of this Memorandum and Order to Plaintiff.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   April  19 , 2021
         Central Islip, New York

13