UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WHETSEL WADE,

Plaintiff,

v.

RONALD J. MONTAS, THE CITY OF NEW YORK, and ERIC GONZALEZ,

Defendants.

**MEMORANDUM & ORDER**
19-CV-02687 (HG) (AYS)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff asserts various claims, pursuant to 42 U.S.C. § 1983, arising from his arrest in July 2016 and subsequent criminal prosecution. ECF No. 17. Although Plaintiff's *pro se* complaint does not specifically label his different claims, the harms for which Plaintiff seeks relief resemble claims for excessive force, false arrest, and malicious prosecution. *Id.* Defendants have moved for summary judgment dismissing all of Plaintiff's claims based on the terms of a general release that Plaintiff executed in April 2018, in connection with different potential litigation against the City of New York, after the events giving rise to Plaintiff's claims in this case occurred. ECF No. 63. For the reasons set forth below, the Court concludes that the release applies to Plaintiff's claims in this case, and the Court therefore grants Defendants' motion for summary judgment and dismisses Plaintiff's amended complaint.

## BACKGROUND[1]

Plaintiff alleges that on July 27, 2016, members of the New York City Police Department entered his home, told him that he was under arrest because of a complaint about a fight he

[1] The information described in this section is based on Defendants' statement of material facts (ECF No. 65), filed pursuant to Local Civil Rule 56.1, and the exhibits cited therein, except for citations to Plaintiff's initial and amended complaints (ECF Nos. 1 & 17), which are included

allegedly had, and that they frisked him in unnecessarily inappropriate areas of his body to confirm that he did not have a weapon. ECF No. 17 at 1–2. While Plaintiff was at the police station, Defendant Montas, a police officer, allegedly told Plaintiff that the person who made the complaint was Defendant Swiney, a private citizen. *Id.* at 2.[2] Defendant Montas allegedly also said that he believed Defendant Swiney had lied when making the complaint. *Id.* Plaintiff alleges that he eventually learned that the complaint related to a robbery in which Plaintiff had supposedly participated. *Id.* However, Plaintiff insists that photographs prove he was attending his own birthday party on that same day at a location on the "exact same block" as a police precinct, which Plaintiff believes should have dispelled Defendants' suspicions that he participated in the alleged robbery. *Id.*

Plaintiff further alleges that he was ultimately detained by the City of New York and charged with various crimes, despite Defendant Montas's alleged admission that Plaintiff's arrest was based on a false complaint. *Id.* at 3.[3] He next alleges that these state law charges triggered a violation of supervised release in a separate, federal case, which led to Plaintiff being placed on more onerous conditions of release, including a 6:00pm curfew and location monitoring. *Id.* Although Plaintiff's amended complaint does not allege when the state criminal proceedings

---

only for context to describe the alleged events that gave rise to Plaintiff's claims. Although Plaintiff filed an opposition to Defendants' motion for summary judgment, *see* ECF No. 73, Plaintiff did not submit a response to Defendants' statement of material facts.

[2]   Judge Seybert, who previously presided over this case, issued a decision dismissing Plaintiff's claims against Defendant Swiney because Plaintiff did not name Swiney as a Defendant until his amended complaint, which was filed after the statute of limitations for Plaintiff's Section 1983 claims had expired. ECF No. 34. The Clerk of Court has already entered a partial judgment in favor of Defendant Swiney dismissing Plaintiff's claims against him. ECF No. 35.

[3]   The criminal complaint attached as an exhibit to Plaintiff's original complaint in this case indicates that Plaintiff was charged with various counts of robbery, grand larceny, petit larceny, menacing, harassment, and criminal possession of stolen property. ECF No. 1-2 at 2.

against him ended, his initial complaint alleged that the charges were dismissed on January 27, 2017. ECF No. 1 ¶ 8; *see also* ECF No. 1-1 at 2 (state court order attached to Plaintiff's initial complaint indicating that charges were dismissed and sealed on that date).

For reasons not apparent from the parties' summary judgment papers, Plaintiff was in the custody of the New York City Department of Correction on November 19, 2017, and was allegedly injured during an unspecified incident that occurred there. ECF No. 64-1 at 2. Following that alleged accident, Plaintiff submitted a claim to the City of New York's Office of the Comptroller. ECF No. 64-2 at 2. On April 19, 2018, after the events giving rise to Plaintiff's claims in this case had already occurred, including the dismissal of Plaintiff's criminal charges, Plaintiff entered into a General Release with the Office of the Comptroller, in exchange for a payment of $3,000. *Id.* at 1–2. The release contained in that agreement applied to "the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and/or entities represented and/or indemnified by the City of New York." *Id.* at 2. The scope of Plaintiff's released claims was as follows:

> any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, transactions, occurrences, agreements, promises, damages, variances, trespasses, extents, judgments, executions, and demands known or unknown, at law, in equity, or by administrative regulations, which [Plaintiff], his/her heirs, distributees, devisees, legatees, executors, administrators, successors and assignees had, now has or hereafter can, shall, or may have either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE.

*Id.* The General Release states that Plaintiff either "received independent legal advice in this matter or ha[d] voluntarily, knowingly, and willingly waived the opportunity to seek legal

advice." *Id.* Defendants have also submitted a cover letter from an attorney who represented Plaintiff, enclosing the signed version of the General Release and sending it to the Office of the Comptroller, thereby confirming that Plaintiff was represented by counsel. ECF No. 64-1 at 2.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).[4] The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

When deciding a summary judgment motion, any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). Additionally, "it is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, particularly where motions for summary judgment are concerned." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016). This means that the Court must "liberally construe pleadings and briefs submitted by *pro*

---

[4] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

*se* litigants, reading such submissions to raise the strongest arguments they suggest." *Id.* at 56. However, although "courts must refrain from assessing competing evidence in the summary judgment record and avoid making credibility judgments," even a *pro se* plaintiff must defeat summary judgment by putting forth "evidence on which the jury could *reasonably* find for the non-moving party." *Saeli v. Chautauqua Cty.*, 36 F.4th 445, 456 (2d Cir. 2022) (emphasis in original) (affirming summary judgment dismissing complaint brought by *pro se* plaintiff).

Since Plaintiff has failed to provide a response to Defendants' statement of material facts, as required by the District's Local Civil Rule 56.1, the Court is "entitled to deem these facts as admitted." *Moore v. Am. Fed. of St., Cty. & Municipal Emps. Loc. 1095*, No. 22-1123-cv, 2023 WL 4145004, at *2 (2d Cir. June 23, 2023) (affirming summary judgment dismissing plaintiff's claims). Nevertheless, in deference to Plaintiff's *pro se* status, the Court has reviewed in full Plaintiff's submissions in opposition to Defendants' motion to identify any material facts that Plaintiff disputes, as opposed to disputes about the parties' legal interpretation of the General Release. The Court has identified no such disputed material facts.

## DISCUSSION

Defendants are entitled to summary judgment dismissing Plaintiff's claims because the undisputed facts demonstrate that Plaintiff voluntarily entered into an unambiguous release that covers his claims. Even if Plaintiff's claims against Defendant Gonzalez, the Kings County District Attorney, were not covered by the General Release, the claims against Defendant Gonzalez must be dismissed on the merits because he is entitled to absolute immunity from Section 1983 claims for damages based on conduct that he performed in his role as a prosecutor. Finally, Plaintiff is not entitled to seek further discovery from his former attorney who advised

him during the negotiation of the General Release, and Plaintiff is not entitled to have that attorney appointed to represent him *pro bono* in this case.

**I. The General Release Precludes Plaintiff's Claims**

"Settlement agreements are contracts and must therefore be construed according to general principles of contract law," and "[w]here the language of a release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Mateo v. Carinha*, 799 F. App'x 51, 53 (2d Cir. 2020) (granting summary judgment dismissing claims based on release). "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden of going forward to the plaintiff to show that there has been fraud, duress or some other fact which will be sufficient to void the release." *Gallo v. Inter-Con Sec. Sys., Inc.*, No. 20-cv-4879, 2021 WL 3913539, at *5 (S.D.N.Y. Sept. 1, 2021) (granting motion to dismiss released claims); *see also Ogbolu v. Trs. of Columbia Univ.*, No. 21-cv-1697, 2022 WL 280934, at *3 (S.D.N.Y. Jan. 31, 2022) (granting motion to dismiss *pro se* plaintiff's released claims and describing same burden-shifting framework), *aff'd*, No. 22-419-cv, 2023 WL 2579044 (2d Cir. Mar. 21, 2023).

The scope of the release at issue here includes Plaintiff's claims in this litigation. "[C]ourts routinely find that nearly identical general releases are enforceable and preclude claims against the City of New York as a matter of law." *Alicea v. City of New York*, No. 16-cv-7347, 2023 WL 3724131, at *6 (S.D.N.Y. May 30, 2023) (granting motion for judgment on the pleadings dismissing Section 1983 claims); *see also Mateo*, 799 F. App'x at 53–54 (affirming summary judgment dismissing Section 1983 claims); *Valdiviezo v. Greer*, 787 F. App'x 48, 49 (2d Cir. 2019) (affirming summary judgment dismissing Section 1983 claims); *Walker v. Corizon*, 764 F. App'x 78, 79–80 (2d Cir. 2019) (affirming dismissal of Section 1983 claims); *Drew v. City of New York*, No. 18-cv-10719, 2022 WL 19705, at *2–3 (S.D.N.Y. Jan. 3, 2022)

(granting motion to dismiss Section 1983 claims). Defendants are the City of New York, a member of the New York City Police Department, and the District Attorney for Kings County, *see* ECF No. 17 at 1, all of whom fall within the General Release's definition of released parties, *see* ECF No. 64-2 at 2.[5] Additionally, it does not matter that Plaintiff had not commenced this lawsuit at the time he signed the General Release because "[w]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *Mateo*, 799 F. App'x at 53. It also does not matter that the incident that gave rise to the General Release was "unrelated to" Plaintiff's claims at issue in this case and that Plaintiff subjectively believed "that the parties did not intend to include Plaintiff's [current] claims in the general release." *Gracia v. City of New York*, No. 16-cv-7329, 2017 WL 4286319, at *2 (S.D.N.Y. Sept. 26, 2017) (granting motion for judgment on the pleadings dismissing Section 1983 claims based on release).

Plaintiff has failed to demonstrate that his agreement to the General Release was involuntary and that it should, therefore, be set aside. Although Plaintiff has opposed Defendants' motion for summary judgment, he has not challenged "the authenticity of the release" or "his signature on the release," so the Court "concludes that no reasonable jury could find that the document is inauthentic based on the current record." *Drew*, 2022 WL 19705, at *3. The undisputed facts demonstrate that Plaintiff entered into the release voluntarily because even though he is currently representing himself *pro se*, he was represented by counsel at the time he signed the release and therefore "should have understood the scope of the general release and its

[5] Due to a district attorney's dual role as a representative of both New York state and a specific county or municipality, the impact of the release on Plaintiff's claims against Defendant Gonzalez is explained in greater detail in Section II below.

impact on this lawsuit." *Gracia*, 2017 WL 4286319, at *3; *see also Valdiviezo*, 787 F. App'x at 49 (relying on fact that *pro se* appellant "was represented by counsel at the time that he signed the release" to conclude that the release was not "procured by duress, illegality, fraud, or mutual mistake").

Plaintiff is wrong that Defendants have lost their right to move for summary judgment based on the General Release by failing to raise release as an affirmative defense in their answer. *See* ECF No. 78. The single case that Plaintiff cites to support this argument reached the opposite conclusion. *See id.* (citing *Caraballo v. City of New York*, No. 18-cv-10335, 2023 WL 2689725, at *4–5 (S.D.N.Y. Mar. 29, 2023)). In *Caraballo*, the court explained that since the release at issue was entered into by the plaintiff and the City of New York's Office of the Comptroller, it was reasonable for Defendants, who were represented by the City of New York's separate Law Department, not to have found the release until approximately three years after the defendants had first appeared in the case. *Id.* at *1–2, *5; *see also Alicea*, 2023 WL 3724131, at *4–5 (granting motion for judgment on the pleadings dismissing plaintiff's Section 1983 claims based on release that defendants did not call to court's attention until nearly six years after case was filed and only after moving unsuccessfully for summary judgment on other grounds); *Valdiviezo*, 787 F. App'x at 49 (affirming summary judgment dismissing Section 1983 claim even though City of New York and other defendants did not learn of general release covering two prior cases "against the City" until after discovery had already commenced).

Entertaining (and granting) Defendants' motion for summary judgment in this case is appropriate because the parties' circumstances are nearly identical to the parties in *Caraballo* and *Alicea*, and Defendants have been more diligent than the defendants in those case in discovering the General Release and calling it to the Court's attention. As in those cases,

Plaintiff's release agreement is between Plaintiff and the Office of the Comptroller, *see* ECF No. 64-2, and Defendants are represented by the Law Department, *see* ECF No. 33.  Defendants sought permission to move for summary judgment based on the release approximately two years after being served with Plaintiff's complaint, *see* ECF Nos. 23–25, 58, more quickly than the approximately three years that had elapsed in *Caraballo* and the nearly six years that had elapsed in *Alicea*.  *See Caraballo*, 2023 WL 2689725, at *1–2; *Alicea*, 2023 WL 3724131, at *2.  To the extent Plaintiff complains about the "lost time" and effort put into this litigation, such wasted resources "do not support a claim of prejudice" because it was Plaintiff who "litigated this case with an awareness that he signed the [g]eneral [r]elease that would have barred his claims." *Caraballo*, 2023 WL 2689725, at *6.

## II.     Plaintiff's Claims Against Defendant Gonzalez Also Fail on the Merits

Plaintiff's amended complaint names Defendant Gonzalez in the caption, which states that Plaintiff is suing Defendant Gonzalez in both his official and individual capacities, but neither the remainder of the amended complaint nor Plaintiff's initial complaint describes any acts that Defendant Gonzalez allegedly committed related to Plaintiff's arrest or his eventual criminal charges.  *See* ECF Nos. 1, 17.  For example, Plaintiff has not alleged that Defendant Gonzalez, or anyone from the Kings County District Attorney's Office, played any role in the investigation of his alleged crimes.  *See id.*  The Court cannot infer any reason why Plaintiff is suing Defendant Gonzalez other than the fact that Defendant Gonzalez's office handled the state court prosecution against Plaintiff once Defendant Montas swore to the criminal complaint.  *See* ECF No. 1-2 (copy of complaint sworn to by Defendant Montas attached to Plaintiff's initial complaint).

Whether Defendant Gonzalez falls within the scope of the General Release is a closer question than for the other Defendants because a district attorney acts on behalf of both New

York state and the applicable municipality or county that his or her office serves, depending on the particular acts that the district attorney performs. The Supreme Court has explained that, when assessing a Section 1983 claim, deciding whether a particular government official was acting on behalf of a municipality or a state "is dependent on an analysis of state law." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 786 (1997) (concluding, based on Alabama state law, that county sheriff acted on behalf of state rather than county and that plaintiff, therefore, could not assert Section 1983 claim against county based on sheriff's actions). The Second Circuit has conducted the necessary analysis of New York law and concluded that "the actions of county prosecutors in New York are generally controlled by municipal policymakers." *Bellamy v. City of New York*, 914 F.3d 727, 759 (2d Cir. 2019). However, a "narrow exception" exists when a district attorney makes "the decision of whether, and on what charges, to prosecute." *Id.* When a district attorney makes those charging decisions, he or she "is not an officer or employee of the municipality but is instead a quasi-judicial officer acting for the state in criminal matters." *Anilao v. Spota*, 27 F.4th 855, 874 (2d Cir. 2022). Therefore, to the extent Plaintiff's claims against Defendant Gonzalez are based on any conduct other than the decision of whether and how to charge Plaintiff, Defendant Gonzalez was acting as an officer of the City of New York for those purposes and falls within the General Release's definition of released parties. *See* ECF No. 64-2 at 2.

As explained above, however, the Court cannot deduce any basis for Plaintiff's claims against Defendant Gonzalez other than his office's charging decision. Even though Defendant Gonzalez's office performed that action on behalf of New York state, rather than the City of New York, the Court concludes that Defendant Gonzalez is still covered by the General Release's definition of a released party because the release covers "all other individually named

defendants and/or entities represented and/or indemnified by the City of New York," *see* ECF No. 64-2 at 2, and Defendant Gonzalez is being represented by the City of New York's Law Department, *see* ECF No. 26. At least one court within the Second Circuit has held that a similarly-worded release required the dismissal of Section 1983 claims against an assistant district attorney. *Hackshaw v. Urquiaga*, No. 15-cv-4005, 2016 WL 6534253, at *3 (S.D.N.Y. Nov. 2, 2016);[6] *see also Staples v. Officer Acolatza*, No. 14-cv-3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (relying on similarly-worded release to dismiss claims against individuals whom plaintiff alleged were independent contractors, rather than employees, of the City of New York).

Even if Plaintiff's claims against Defendant Gonzalez are not covered by the General Release, those claims fail on the merits because Defendant Gonzalez is entitled to absolute immunity from Section 1983 liability for his office's charging decisions, and the Court is permitted to raise his immunity *sua sponte*. Although the Court is required to give special solicitude to *pro se* parties, when a plaintiff receives permission to litigate *in forma pauperis* without paying filings fees, as Plaintiff has done, *see* ECF No. 9, "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts must be careful when reviewing complaints submitted by plaintiffs seeking *in forma pauperis* status "not to conflate easy cases with inarguable or fanciful ones, as only the latter warrant dismissal" as

---

[6] Nothing about the court's decision or the underlying complaint in *Hackshaw* suggests that the plaintiff's claims against the assistant district attorney in that case were based on anything other than her responsibility for prosecuting the plaintiff. *See Hackshaw*, 2016 WL 6534253, at *1, *3; *Hackshaw v. Urquiaga*, No. 15-cv-4005 (S.D.N.Y. filed Mar. 7, 2016) (ECF No. 17) (plaintiff's operative complaint).

frivolous. *Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022). The Court therefore may not dismiss claims asserted by a plaintiff proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915(e), "simply because the [C]ourt finds the plaintiff's allegations unlikely." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, although dismissing a *pro se* plaintiff's claims *sua sponte* without notice is disfavored, it is nevertheless permitted "in cases involving frivolous *in forma pauperis* complaints" if it is "unmistakably clear . . . that the complaint lacks merit or is otherwise defective." *Nwoye v. Obama*, No. 22-1253-cv, 2023 WL 382950, at *1 (2d Cir. Jan. 25, 2023). Plaintiff's claims against Defendant Gonzalez fit these criteria.

The Supreme Court has held that state and local prosecutors are absolutely immune from Section 1983 claims for money damages based on allegations about their conduct "intimately associated with the judicial phase of the criminal process," such as "prepar[ing] to initiate a judicial proceeding." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009). Accordingly, "a prosecutor enjoys absolute immunity when determining which offenses to charge, initiating a prosecution, presenting a case to a grand jury, and preparing for trial." *Anilao*, 27 F.4th at 864. "[T]he legal question of when immunity should attach is an entirely separate inquiry from which state entity is a final policymaker," and, therefore, whether a prosecutor is entitled to immunity does not depend on whether he was acting on behalf of a state, county, or municipality when performing a particular function. *Bellamy*, 914 F.3d at 760.

To the extent Plaintiff's claims against Defendant Gonzalez are based on his office's charging decision—*i.e.*, the action that least comfortably fits within the scope of the General Release—Plaintiff's claims are separately barred by Defendant Gonzalez's absolute immunity. *See Malik v. City of New York*, 841 F. App'x 281, 284–85 (2d Cir. 2021) (affirming dismissal of Section 1983 claims against Defendant Gonzalez based on absolute prosecutorial immunity);

*Waite v. Gonzalez*, No. 21-cv-2506, 2023 WL 2742296, at *7–8 (E.D.N.Y. Mar. 31, 2023) (same). They also fail for the separate reason that, even if Defendant Gonzalez were not immune, Plaintiff's amended complaint does not allege that Defendant Gonzalez was the attorney directly in charge of his prosecution. *See* ECF No. 17. A plaintiff asserting a Section 1983 claim must allege "that each Government-official defendant, through the official's own individual actions, has violated the Constitution," rather than allege that a defendant was responsible for supervising others who allegedly acted in an unconstitutional manner. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

## III. Plaintiff Is Not Entitled to Further Discovery or *Pro Bono* Counsel

The Court denies Plaintiff's request that the Court conduct "*voir dire*" of Plaintiff's prior attorney regarding whether Plaintiff and the Office of the Comptroller intended the General Release to cover Plaintiff's claims in this case. *See* ECF No. 73 at 4–6. The Court interprets Plaintiff's request as an attempt to persuade the Court to deny or defer consideration of Defendants' motion for summary judgment, as authorized by Rule 56(d) under circumstances where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). However, "[a] party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort [the] affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003); *see also Smith v. City of New York*, 697 F. App'x 88, 90 (2d Cir. 2017) (describing same standard and affirming summary judgment dismissing plaintiff's Section 1983 claims).

Plaintiff cannot meet his burden of demonstrating that his prior attorney can provide any information that would raise an issue of material fact sufficient to defeat Defendants' motion for summary judgment. As described above, the scope of the release contained in the General Release that Plaintiff previously signed is unambiguous. How Plaintiff's former attorney might subjectively believe the General Release should be interpreted is, therefore, irrelevant to Defendants' motion. *See Chachkes v. David*, No. 20-cv-2879, 2021 WL 101130, at *5 (S.D.N.Y. Jan. 12, 2021) (rejecting non-movants' request for further discovery because they did not dispute the authenticity of the parties' contract and "[t]he interpretation of the language of that agreement present[ed] a pure question of law"); *Pinksy v. JP Morgan Chase & Co.*, 576 F. Supp. 2d 564, 569–70 (S.D.N.Y. 2008) (granting summary judgment for defendants and denying plaintiff opportunity to take additional discovery that would supposedly corroborate her interpretation of the parties' release agreement).

The Court also denies Plaintiff's separate request that the attorney who advised him in connection with the General Release be appointed as "*pro bono* counsel" in this case. ECF No. 73 at 11. "[T]here is no constitutional right to counsel in civil cases," and although "the Court has the authority to appoint counsel for indigent parties," pursuant to 28 U.S.C. § 1915(e)(1), the Court has "[b]road discretion . . . in deciding whether to appoint counsel." *Falls v. Pitt*, No. 16-cv-8863, 2020 WL 2097626, at *6 (S.D.N.Y. May 1, 2020) (denying motion to appoint counsel by plaintiff asserting Section 1983 claims). The first factor that the Court must consider in making this decision is "whether the indigent's position seems likely to be of substance." *Id.* Only if this "threshold requirement has been met" should the Court proceed to consider additional factors, such as "the litigant's ability to investigate his claims, the litigant's ability to present the case, the complexity of the legal issues, and any special reason why appointment of

counsel would be more likely to lead to a just determination." *Ganley v. City of New York*, 734 F. App'x 784, 785–86 (2d Cir. 2018) (affirming decision declining to appoint counsel and dismissing Section 1983 claims). Since Plaintiff's claims are clearly barred by the General Release, his claims "d[o] not meet the threshold merits requirement" necessary to appoint counsel on his behalf. *Alvarez v. Wright*, 797 F. App'x 576, 578–79 (2d Cir. 2019) (affirming decision declining to appoint counsel for plaintiff asserting Section 1983 claims, whose claims were later dismissed on summary judgment).

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion for summary judgment in its entirety. *See* ECF No. 63. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants dismissing with prejudice the claims in Plaintiff's amended complaint. *See* ECF No. 17. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court notes that the publicly-available records maintained by the New York Department of Corrections and Community Supervision indicate that, while Defendants' motion was pending, Plaintiff was released from incarceration to parole. Plaintiff has not, however, provided the Court with an updated address. Defendants shall attempt to identify Plaintiff's new address and, on or before September 1, 2023, send Plaintiff a copy of this order, the Clerk of Court's ensuing judgment, and the unpublished cases cited in this order. Defendants' counsel

shall file a letter on or before September 6, 2023, describing their attempt to comply with these service obligations.

      SO ORDERED.

                                                                        */s/ Hector Gonzalez*
                                                                       HECTOR GONZALEZ
                                                                       United States District Judge

Dated:  Brooklyn, New York
          August 25, 2023